IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHARON E LEWIS, ET AL., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:25-CV-02912-O |
| § | |
| GREYHOUND LINES INC, ET AL., § | |
| § | |
| Defendants. § | |

**OPINION & ORDER**

Before the Court are Defendant Greyhound Lines Inc., Flix North America, Inc., Flixbus, Inc.'s ("Greyhound Defendants") and Defendant Theresa Crump's ("Crump") Notice of Removal (ECF No. 1) filed October 27, 2025; Plaintiff Sharon E. Lewis's ("Plaintiff") Motion to Remand and Brief and Appendix in Support (ECF Nos. 6, 7) filed November 4, 2025; Greyhound Defendant's Brief in Support of Federal Question Jurisdiction (ECF No. 8) filed November 5, 2025; Defendant All Nation Security Services, Inc.'s ("All Nation Security") Notice of Consent to Removal (ECF No. 9) filed November 17, 2025; Plaintiff's Response and Request for Judicial Notice (ECF Nos. 10, 11) filed November 18, 2025; Greyhound Defendant's Response (ECF No. 12) filed November 19, 2025; and Plaintiff's Supplement to Response Brief (ECF No. 13) filed November 19, 2025.

Greyhound Defendants and Crump removed this case alleging federal question jurisdiction under 28 U.S.C. § 1441(a) and federal question jurisdiction under *Grable* and *Singh* as the basis of this Court's subject-matter jurisdiction. *See* Not. of Removal at 4-5, ECF No. 1; *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008); *see also Grable & Sons Metal Prod., Inc. v. Darue*

*Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).  The Court **ORDERS** that the case be **REMANDED** because the removal was procedurally defective.

## I.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  To that end, federal courts have an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted) (emphasis in original).

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction."  The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court."  *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993).  In policing the precise boundaries of their limited jurisdiction, federal courts strictly construe the removal statute because "removal jurisdiction raises significant federalism concerns."  *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).  Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."  *Cross v. Bankers Multiple Line Ins.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992).  The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper.  *See Garcia v. Koch Oil Co. of Tex. Inc.,* 351 F.3d 636, 638 (5th Cir. 2003).

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537–38 (1939); *Cavallini v. State Farm Mutual Auto Ins.,* 44 F.3d 256, 264 (5th Cir.1995). The "rule of unanimity" under 28 U.S.C. § 1446(b)(2)(A) requires that all properly served defendants either join in or provide written consent to the removal within 30 days from service on the removing defendant. *Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 554 (S.D. Tex. 2015); *see also* Section 1446(b)(2)(C) (providing that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal"). "There must be some timely filed written indication from each served defendant . . . that it has actually consented to such action." *Gibbs v. Ocwen Loan Servicing, LLC*, No. 3:14-CV-1153-M-BN, 2014 WL 2767206, at *2 (N.D. Tex. June 18, 2014) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 n. 11 (5th Cir.1988)).

Failure to meet this requirement renders the removal procedurally defective, and such defects cannot be cured retroactively after the 30-day period of service has expired. *See Honey Holdings I, Ltd.*, 81 F. Supp. 3d at 557, 564 (citing *Doe v. Kerwood,* 969 F.2d 165, 167–69 (5th Cir.1992) (concluding "remand is required" because not all properly served defendants consented or filed timely written consents to removal); *Grand Texas Homes, Inc. v. Am. Safety Indem. Co.*, No. 3:12-CV-1773-M, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012) (same); *Moody v. Commercial Ins. Co. of Newark, New Jersey,* 753 F.Supp. 198, 199 (N.D. Tex. 1990) (same); *Samuel v. Langham,* 780 F.Supp. 424, 427–28 (N.D. Tex. 1992) (same); *see also Ortiz v. Young,* 431 Fed. Appx. 306, 307 (5th Cir.2011) (noting that only "plaintiff conduct, and not untimely consent to removal by a defendant," can excuse procedural defects).

## II.  ANALYSIS

The Notice of Removal lists only Greyhound Defendants and Crump as removing parties.[1] However, at the time of Greyhound Defendants and Crump's removal on October 27, 2025, co-defendant All Nation Security had also been properly served, and the Notice of Removal did not contain any information as to whether All Nation Security consented.[2] As the last-served defendants receiving service on October 3, 2025, Greyhound Defendant's deadline for obtaining consent from All Nation fell on November 3, 2025.[3]

All Nation Security did not file its notice of consent to removal until November 17, 2025—after the 30-day deadline.[4]  Greyhound Defendants have presented no evidence that they obtained written consent to removal by All Nation Security Services before the November 3, 2025 deadline. Thus, the consent is untimely, and the removal is procedurally defective.  *Honey Holdings I, Ltd.*, 81 F. Supp. 3d at 554; *Getty Oil Corp*, 841 F.2d at 1262 n. 11; *Doe v. Kerwood*, 969 F.2d at 167–69.

Because removal was procedurally defective, the Court need not address the Parties' arguments regarding federal question jurisdiction.

## III.  CONCLUSION

Because Defendant's Notice of Removal is procedurally defective as a result of its failure to obtain consent from all properly served Defendants before the November 3, 2025 deadline, the Court **ORDERS** that the case be **REMANDED** to County Court at Law No. 1, Dallas County

---

[1] Notice of Removal 1, ECF No. 1.
[2] *See* Notice of Removal 2, ECF No. 1; Def.'s App. 30, ECF No.1-3 (showing service on All Nation Security occurred on September 23, 2025); Certificate of Interested Persons Disclosure 1, ECF No. 2.
[3] The deadline is 31 days after service as the 30-day date (November 2, 2025) fell on a Sunday.
[4] All Nation Security's Notice of Consent, ECF No. 9.

Texas. The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the appropriate clerk.

    **SO ORDERED** this **11th day** of **December, 2025.**

                                              _____
                                              Reed O'Connor
                                    **CHIEF UNITED STATES DISTRICT JUDGE**